

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor, Liberty County
Liberty, T e x a s

Dear Sir:               Opinion No. O-5455
                        Re: County Commissioners
                            traveling expenses.

        Your letter of September 25, 1943, requesting the
opinion of this department on the questions stated therein
reads, in part, as follows:

        "Senate Bill No. 319, 48th Regular Session,
    Sec. 1, states:

        "'In all counties of this state having a
    population of less than twenty-five thousand
    two hundred (25,200) according to the last pre-
    ceding Federal Census, the Commissioners Court
    of such counties is hereby authorized to allow
    each Commissioner the sum of not more than
    Twenty-five ($25.00) Dollars per month for
    traveling expenses while on official business
    in said counties.'

        "Liberty County has a population of 24,455 according
    to the last Federal Census, therefore the above law ap-
    plies to this county. You are requested to prepare an
    opinion on the following propositions:

        "A. May the county make a flat al-
            lowance of $25.00 per month to
            cover expenses while on official
            business?

        "B. In Liberty County the County Com-
            missioner acts also as road commis-
            sioner, or road supervisor, or over-
            seer. May we interpret the above

Honorable Murphy Cole, page 2

> law to cover only such expense
> as an official as County Commis-
> sioner incurs, and pay any ex-
> penses that the same official
> might incur as road commissioner,
> supervisor or overseer; for example,
> supposing that the expense of a
> County Commissioner during a month
> amounts to $24.50, and that his ex-
> pense as a road commissioner, or
> overseer, amounts to an additional
> $24.50; may we allow the total of
> both expense accounts?"

After carefully considering Senate Bill No. 319, Acts of the 48th Legislature, Regular Session, 1943, it is our opinion that this Act does not authorize the commissioners' court to make a flat allowance of $25 per month to each commissioner for traveling expenses while on official business for said county. In other words, this Act authorizes the commissioners' court to allow each county commissioner the actual and necessary traveling expenses incurred by him when traveling on official business for said county, provided, of course, in no event can such traveling expenses exceed $25 per month for each county commissioner. If a county commissioner has not expended the sum of $25 per month for traveling expenses while on official business for said county, he is not entitled to the sum of $25 per month, but is entitled only to the amount actually and necessarily expended.

We now consider your second question. Except when road commissioners are employed, each county commissioner is under the legal duty of supervising the roads within his precinct once each month and of making a sworn report thereon to each regular term of the commissioners' court held during the year. (See Article 6715, Vernon's Annotated Civil Statutes) Article 2351, Vernon's Annotated Civil Statutes, imposes upon the commissioners' court the duties therein enumerated with reference to the supervision, construction and maintenance of public roads. Under the general law, it is the duty of the county commissioners to perform all the duties of road commissioners and road superintendents where no road commissioners are employed by the commissioners' court. Article 6718, Vernon's Annotated Civil Statutes, authorizes each commissioners' court

to appoint an overseer for each road precinct, and designate all the hands liable to work on public roads and apportion them to the several overseers. When the county commissioners are performing the duties of road commissioners, road supervisors or overseers, such duties are performed in the capacity of county commissioner and not in the capacity of road commissioner, road overseer or supervisor.

Your second question is respectfully answered in the negative. As heretofore stated, the maximum amount that may be legally allowed as traveling expenses for county commissioners, while traveling on official business for the county, is $25 per month, and, in no event, can a county commissioner's traveling expenses, incurred while traveling on official business for the county, exceed the maximum heretofore mentioned.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:EP

APPROVI
OPINION
COMMITT
BY
CHAIRMA